UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JEAN MOODY,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO; DELTA AIR LINES INC., a Delaware corporation, and DOES 1-100,<br><br>            Defendants.<br>_____/ | NO. CIV. 2:11-1739 WBS CKD<br><br>ORDER |

----oo0oo----

This proceeding was removed from state court by Delta Airlines on June 28, 2011.  However, under the terms of 28 U.S.C. § 1441(b), a party may remove an action on the basis of diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  At the time of removal, the County of Sacramento, having been served on June 20, 2011, was a properly joined and served defendant, and is a resident of California.  See Illinois v. City of Milwaukee, 406

1

U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). Therefore, it would appear that removal under § 1441(b) was improper.

The Ninth Circuit has held, however, that the "additional limitation on diversity-based removal jurisdiction [in § 1441(b)] is a procedural, or non-jurisdictional, rule." <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 939 (9th Cir. 2006). Under § 1441(c), a motion to remand on the basis of a defect in removal procedure, such as a violation of section 1441(b), must be brought within thirty days or the defect is waived. 28 U.S.C. § 1441(c); <u>Lively</u>, 456 F.3d at 942. Because plaintiff failed to object to the improper removal of this proceeding within thirty days, the court is unable to remand the proceeding to the proper forum. Accordingly, the court will retain jurisdiction over the proceeding.

IT IS SO ORDERED.

DATED: October 21, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE